UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ELIZABETH MARY MCGOVERN,

      Plaintiff,

v.                                    Case No: 5:24-cv-380-MMH-PRL

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

REPORT AND RECOMMENDATION[1]

Plaintiff Elizabeth Mary McGovern appeals the administrative decision denying her application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, the undersigned recommends that the Commissioner's decision be **reversed** and **remanded**.

## I.    BACKGROUND

On September 15, 2021, Plaintiff filed a Title II application for DIB, alleging disability beginning February 15, 2020. The claim for DIB was denied initially on July 26, 2022, and upon reconsideration on October 5, 2022. On October 11, 2022, Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ"). A hearing was held before an ALJ on June 14, 2023, where the Plaintiff appeared and testified. On November 3, 2023, the ALJ issued a notice of unfavorable decision, finding the Plaintiff was not disabled. (Tr. 7-

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(2); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

42). Plaintiff's request for review was denied by the Appeals Council on May 28, 2024, and subsequently, she initiated this action on July 25, 2024 (Doc. 1). Plaintiff has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: migraines, postural orthostatic tachycardia syndrome, degenerative disc disease, knee degenerative joint disease, fibromyalgia, and anxiety disorder. (Tr. 13-15). The ALJ found that, despite her impairments, Plaintiff had the residual functional capacity ("RFC") to perform light work, except that she "can never climb ladders, ropes[,] or scaffolds"; "occasionally climb ramps and stairs"; "occasionally balance, stoop, kneel, crouch[,] and crawl"; and "can have no interaction with the public and only occasional interaction with co-workers and supervisors." (Tr. 22-34).

Based upon this RFC assessment, and testimony from a vocational expert ("VE") through written interrogatories, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as an order filler, assembler, and router. (Tr. 35-36). Accordingly, the ALJ concluded that Plaintiff is not disabled, determining that Plaintiff has not been under a disability from February 15, 2020—the alleged onset date—through the date of the decision. (Tr. 36).

## II.    STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (explaining the five-step process to determine whether a claimant has met the burden of proving his or her disability). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013) (citation omitted).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *See McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence "must do more than [merely] create a suspicion of the existence of the fact to be established" and must include "such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *See Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as a finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *See*

*Edwards*, 937 F.2d at 584 n.3 (citation omitted); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (citing *Bloodsworth*, 703 F.2d at 1239). This is a deferential standard.

Nevertheless, "[t]he Secretary's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

## III.  DISCUSSION

Plaintiff raises one issue on appeal: whether the ALJ erred in the RFC assessment by failing to adequately account for Plaintiff's moderate limitations in understanding, remembering, or applying information and concentrating, persisting, or maintaining pace resulting from her severe mental impairment. (Doc. 12 at pp. 3, 7-9).

To begin, at step two of the sequential evaluation process, an ALJ must assess whether a claimant has a medically determinable impairment or combination of impairments that is severe. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4); *McCormick v. Soc. Sec. Admin., Comm'r,* 619 F. App'x 855, 857 (11th Cir. 2015) (per curiam). Where a claimant presents a "colorable" claim of mental impairment, as in this case, the ALJ is required to complete a Psychiatric Review Technique ("PRT") to evaluate the severity of the mental impairment. *See Moore v. Barnhart*, 405 F.3d 1208, 1213-14 (11th Cir. 2005) (per curiam); 20 C.F.R. §§ 404.1520a, 416.920a. This technique requires an assessment of how a claimant's mental impairment affects the claimant's functional limitations in four areas known as the "paragraph B" criteria: [2] (1) understanding, remembering, or applying information; (2)

---

[2] The "paragraph B" criteria refer to the ALJ's decision at step two in deciding whether a claimant suffers from a severe impairment or at step three in deciding whether a claimant's severe impairment qualifies under a listing. *See Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1325

interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *See* 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3); *see also* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *4 (July 2, 1996). The Social Security Regulations dictate that the ALJ must provide a specific explanation for their conclusions, including the degree of limitation found in each area. [3] *See* 20 C.F.R. §§ 404.1520a(c)(1), (c)(4), 416.920a(c)(4), (e)(4); *see also Olsen v. Astrue*, 858 F. Supp. 2d 1306, 1314-15 (M.D. Fla. 2012) (explaining that the effects of an impairment are measured by the limitations on the ability to work). The ALJ must then incorporate the results of the PRT into the findings and conclusions at steps four and five of the sequential evaluation process. *See Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013) (per curiam) (citing *Moore*, 405 F.3d at 1213-14; 20 C.F.R. § 416.920a(e)(4).

Notably, the PRT is separate from the ALJ's evaluation of a claimant's RFC, which is an assessment based on all the relevant evidence of a claimant's remaining ability to do work despite her impairments, both severe and non-severe. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)); *see also Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010) (per curiam); 20 C.F.R. § 416.945(a); SSR 96-8p, 1996 WL 374184, at *4 (observing that the criteria used to rate severity of mental impairments at step two does not amount to an RFC assessment and a "more detailed assessment" is mandated at steps four and five, requiring "itemizing various functions contained in the

---

(11th Cir. 2021) ("The ALJ's analysis as to the Paragraph B criteria is part of steps two and three of the sequential analysis.") (citing *Winschel v. Acting Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)).

[3] More specifically, "[t]he decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairments(s)" and "must include a specific finding as to the degree of limitation in each of the functional areas described [above]." *See* 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4).

broad" functional areas). The ALJ assesses the RFC by "consider[ing] all allegations of physical and mental limitations or restrictions," not just those determined to be severe. *See* SSR 96-8p, 1996 WL 374184, at *5; *see also* 20 C.F.R. § 404.1545(a)(2); *Gibson v. Heckler*, 779 F.2d 619, 622-23 (11th Cir. 1986). In particular, the ALJ must account for a claimant's moderate limitations previously identified in the PRT or otherwise explain that the medical evidence suggested the claimant's "ability to work was unaffected by" her moderate limitations. *See Winschel*, 631 F.3d at 1181. Indeed, "[t]he Eleventh Circuit has made clear that an ALJ's RFC assessment must incorporate limitations that, when viewed in light of the whole record, appropriately reflect the PRT findings." *See Bowman v. Comm'r of Soc. Sec.*, No. 6:13-cv-614-ORL-31TB, 2014 WL 4059140, at *4 (M.D. Fla. July 28, 2014), *report and recommendation adopted*, 2014 WL 4059143 (M.D. Fla. Aug. 14, 2014) (citing *Winschel*, 631 F.3d at 1180-81).

Here, at step two of the sequential evaluation process, the ALJ found that Plaintiff's anxiety disorder was a severe mental impairment that affected her ability to work. (Tr. 13-15). The ALJ performed the requisite PRT analysis and determined that Plaintiff experienced moderate limitations in three of the "paragraph B" mental functioning areas: (1) interacting with others; (2) understanding, remembering, or applying information; and (3) concentrating, persisting, or maintaining pace. (Tr. 17-22). Then, in the RFC assessment, the ALJ concluded that Plaintiff retained the RFC to perform light work except, in relevant part, that she could have "no interaction with the public and only occasional interaction with co-workers and supervisors." (Tr. 22).[4]

---

[4] As noted above, the ALJ's RFC assessment found that Plaintiff had other limitations, including that the Plaintiff "can never climb ladders, ropes or scaffolds, can only occasionally climb ramps and stairs, occasionally balance, stop, kneel, crouch and crawl." (*Id.*).

On its face, the RFC assessment accounts for the ALJ's finding that Plaintiff had a moderate limitation in interacting with others. It does not, however, appear to address the other moderate limitations the ALJ found in the PRT—i.e., understanding, remembering, or applying information and concentrating, persisting, or maintaining pace. And the ALJ did not explain why the medical evidence (most of which the ALJ discussed and considered in the PRT) did not affect Plaintiff's ability to work despite these additional moderate limitations. *See Winschel*, 631 F.3d at 1181. Simply stated, the Court cannot tell whether the ALJ even considered Plaintiff's moderate limitations in understanding, remembering, or applying information and concentrating, persisting, or maintaining pace in her RFC assessment.

Further complicating matters, the ALJ's own decision appears to be internally inconsistent. Indeed, later in her RFC assessment, the ALJ explained:

> The undersigned further accounted for the claimant's anxiety disorder (as variously described as noted above), the potential effects of the claimant's severe physical impairments upon cognition and social interaction, the claimant's subjective allegations, alleged symptoms and alleged medication side effects, and the potential waxing and waning of, triggering of and exacerbation of alleged symptoms and alleged medication side effects when assessing the above-stated simple routine and repetitive tasks and social interaction limitations.

(Tr. 34). As discussed above, the ALJ did not include a limitation to "simple routine and repetitive tasks" in her RFC assessment. Thus, it is unclear from the ALJ's decision if she intended to include this additional limitation in the RFC.

Because it is unclear whether the ALJ adequately accounted for Plaintiff's moderate limitations in understanding, remembering, or applying information and concentrating, persisting, or maintaining pace resulting from her severe mental impairment in the RFC

assessment and the hypothetical question posed to the VE, the undersigned cannot conclude that substantial evidence supports the ALJ's decision. *See Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1269 (11th Cir. 2019) (concluding that "the ALJ's 'failure . . . to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal' in its own right") (quoting *Keeton*, 21 F.3d at 1066); *Olsen*, 858 F. Supp. 2d. at 1313-14, 1320 (finding reversible error where it was unclear to the court "whether the ALJ adequately accounted for [claimant's] severe mental impairment in the assessed RFC and in the hypothetical question posed to the vocational expert").

## IV.    RECOMMENDATION

Accordingly, for the reasons stated above, I submit that the Commissioner's decision should be **REVERSED** and **REMANDED** for further administrative proceedings pursuant to 42 U.S.C. § 405(g).

**Recommended** in Ocala, Florida on August 15, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties